IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SMURFIT-STONE CONTAINER ENTERPRISES, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 3:08CV093–HEH |
| NATIONAL INTERSTATE INSURANCE CO. and TERMINAL CONSOLIDATED COMPANY, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Denying Plaintiff's Motion for Judgment on the Pleadings and
Granting Defendant's Motion for Summary Judgment)

This case involves a dispute over the scope of insurance coverage provided to Plaintiff Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone") as an "additional insured" under an insurance policy issued by Defendant National Interstate Insurance Co. ("National"). It is currently before the Court on Plaintiff's Rule 12(c) Motion for Partial Judgment on the Pleadings and Defendant National's Rule 56 Motion for Summary Judgment. Defendant Terminal Consolidation Company ("Terminal") is not a party to either motion. All involved parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons detailed herein, Plaintiff's Rule 12(c) Motion for Judgment on the

Pleadings is hereby DENIED and Defendant's Rule 56 Motion for Summary Judgment is hereby GRANTED.

## I. Factual Background

Plaintiff Smurfit-Stone is a paper and packaging producer that owns and operates a manufacturing facility in Hopewell, Virginia. Amend. Compl. ¶ 6. In October of 1992, Smurfit-Stone's corporate predecessor entered into a transportation contract (the "Agreement") with Terminal. Amend. Compl. ¶¶ 9-10. Pursuant to the Agreement, Terminal contracted to transport products manufactured by Smurfit-Stone. The Agreement required Terminal to obtain liability insurance and to name Smurfit-Stone as an additional insured under the policy. Amend. Compl. ¶¶ 11-13. Terminal thereafter obtained a comprehensive liability policy (the "Policy") from National and, consistent with its obligations under the Agreement, named Smurfit-Stone as an additional insured. Amend. Compl. ¶¶ 14-15, Ex. C. The motions presently before the Court turn on the boundaries of that coverage.

In November of 2004, a truck driver, Jeffrey Urquhart, was injured at the Smurfit-Stone manufacturing facility in Hopewell when the truck he was driving collided with a Terminal truck and a train operated by the Norfolk Southern Railway Corporation. Amend. Compl. ¶¶ 20-23, Ex. E. Urquhart subsequently filed suit in the Circuit Court for the City of Richmond, naming Terminal and Smurfit-Stone, among others, as defendants. Amend. Compl. ¶ 19. Urquhart's complaint charged Smurfit-Stone with negligence, alleging, among other things, that the company breached its duty to keep its facility "in a reasonably safe

condition" by failing to adopt numerous safety measures, including failure to "manage, monitor, conduct, and supervise the use, operation, and maintenance" of the Smurfit-Stone facility. Amend. Compl. Ex. E at 10-14. Urquhart further alleged that "the wrongdoing of each Defendant"–including Terminal and Smurfit-Stone–"joined and concurred with the wrongdoing of one or more other Defendants...to proximately cause" his injuries. Amend. Compl. Ex. E at 19. Importantly, however, Urquhart's complaint did not allege that Smurfit-Stone was in any way vicariously liable for the actions of either Terminal or its agent. Amend. Compl. Ex. E.

Ultimately, Urquhart's case settled short of trial. Though it continues to deny any negligence, Smurfit-Stone contributed $200,000 towards the Urquhart settlement and has alleged that it also incurred "substantial legal fees and related expenses" defending Urquhart's claim. Amend. Compl. ¶ 27-28. Claiming coverage as an "additional insured" under the Policy, Smurfit-Stone subsequently demanded that National reimburse all costs incurred to "investigate, defend, and settle" Urquhart's claim.[1] Amend. Compl. ¶ 31. National, however, denied Smurfit-Stone's demand, contending that the Policy did not cover costs incurred by Smurfit-Stone in defense of the Urquhart complaint. Amend. Compl. ¶ 32; Answer ¶ 32. This action followed.

Although the Policy issued by National extended liability coverage to additional

---

[1] The exact timing of Smurfit-Stone's demand to National remains unclear. Smurfit-Stone contends that it made a proper demand on National on September 27, 2006 via letter sent to counsel for Defendant National. *See* Plaintiff's Mem. In Opp. Ex. A. National asserts, however, that this demand was insufficient. National claims that proper demand was not made until February 21, 2007, when counsel for Smurfit-Stone sent a letter to National's Assistant Vice President asking National to "Please accept this letter as...demand for National Interstate to defend, indemnify and hold harmless" Smurfit-Stone from the Urquhart suit. Def. Reply Mem. In Supp. Ex 1. Because the Court concludes that Smurfit-Stone is not entitled to coverage under the Terminal policy as a matter of law, it need not resolve this dispute.

insureds such as Smurfit-Stone, this grant of coverage had specifically-defined limitations. The Policy contains an "Additional Insureds endorsement", which reads:

> The entity[ies] designated on Certificates of Insurance on file with [National] are Additional Insureds under this policy as respects the operations of [Terminal], but only with respect to [Terminal]'s liability arising out of the ownership, maintenance, or use of a "covered auto" and coverage shall not be broader than the coverage afforded to [Terminal].

Amend. Compl. Ex. B. Plaintiff Smurfit-Stone has moved for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, asking the Court to find that Smurfit-Stone, as an additional insured under the Policy, is covered for the Urquhart claim and entitled to reimbursement. Pl. Mem. at 7. In addition to opposing Smurfit-Stone's Rule 12(c) Motion, Defendant National has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of its motion, National contends that the "plain language of the Additional Insureds indorsement at issue unambiguously confines the scope of coverage afforded to Smurfit[-Stone] to liability that is derivative of Terminal's liability." Def. Mem. at 1.

## II. Analysis

### A. Interpretation of the Plain Language of the Additional Insureds Endorsement

As an initial matter, Plaintiff's Rule 12(c) Motion and Defendant Terminal's Rule 56 Motion both require this Court to construe the language of the Additional Insureds endorsement in the Policy to determine whether, as a matter of law, the endorsement extends coverage to costs incurred by Smurfit-Stone in connection with its defense of the Urquhart claim. The Court finds nothing in the text of the endorsement to support such an expansive

interpretation. The plain language of the Additional Insureds endorsement extends coverage to Smurfit-Stone only to the extent that Smurfit-Stone is alleged to be vicariously liable for the actions of Terminal. Because the Urquhart complaint does not allege that Smurfit-Stone is in any way vicariously liable for the actions of Terminal, *see* Amend. Compl. Ex. E at 10-14, the Policy cannot be construed to extend insurance coverage to the Urquhart allegations.

Under Missouri law, which governs in this case,[2] interpretation of an insurance policy is dictated by the general rules of contract construction. *Kertz v. State Farm Mut. Auto. Ins. Co.*, S.W.3d 39, 41 (Mo. Ct. App. 2007). The Court is compelled to enforce an insurance policy as it is written, unless the policy is ambiguous. *Hempen v. State Farm Mut. Auto. Ins. Co.*, 687 S.W.2d 894 (Mo. 1985) (en banc). Terms of a policy are considered ambiguous under Missouri law only when uncertainty exists as to a term's meaning or when a term is susceptible to multiple interpretations. *Nixon v. Life Investors Ins. Co. Of Am.*, 675 S.W.2d 676, 679 (Mo. Ct. App. 1984).

A close examination of the plain language of the Additional Insured endorsement at issue demonstrates that the policy language is far from ambiguous. To the contrary, the plain language of the Additional Insureds endorsement makes clear that Smurfit-Stone is insured under the policy "only with respect to [Terminal's] liability arising out of the...use of a 'covered auto.'" Amend. Compl. Ex. B at 20. The terms of the endorsement further state that

---

[2] Both Smurfit-Stone and National agree that Missouri law governs the Court's construction of the terms of the Policy and the Additional Insureds endorsement. *See* Def. Opp. at 3 *and* Pl. Rep. at 1. Thus the Court, sitting in diversity, will apply Missouri law consistent with the agreement of the parties and the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Smurfit-Stone's insurance coverage extends no farther than "as respects the operations of [Terminal]." *Id.* Moreover, the concluding phrase of the Additional Insureds endorsement states that Smurfit-Stone's coverage "shall not be broader than the coverage afforded to Terminal." *Id.* Despite Plaintiff's contentions, such language is susceptible to only one interpretation: the Additional Insureds endorsement extends insurance coverage to Smurfit-Stone "only with respect to [Terminal's] liability." *Id.* Thus, the Policy extends coverage to Smurfit-Stone only to the extent that Smurfit-Stone is alleged to be vicariously liable for the actions of Terminal.

The Court's interpretation of the Additional Insureds endorsement is supported by the nature of the Agreement and the purpose of the insurance policy in this case. When construing an insurance policy, Missouri law instructs the Court to "consider the purpose and nature of [the] contract." *Wildflower Comm. Ass'n Inc. v. Rinderknecht*, 25 S.W.3d 530, 534 (Mo. Ct. App. 2000). Courts in Missouri and elsewhere have recognized that a common purpose of an additional insured provision is to "provide...protection from vicarious liability" and to provide "specialized protection rather than all-encompassing coverage." *U.S. Fidelity & Guar. v. Drazic*, 877 S.W.2d 140, 143 (Mo. Ct. App. 1994); *accord Northbrook Ins. v. American States Ins.*, 495 N.W.2d 450, 453 (Minn. Ct. App. 1993) (recognizing that "One of the primary functions of the additional insured endorsement is to protect the additional insured from vicarious liability for acts of the named insured"); *Harbor Ins. Co. v. Lewis*, 562 F.Supp. 800, 803 (E.D.Pa. 1983) (concluding that "In the insurance industry, additional insured provisions have a well established meaning. They are intended to protect parties who

are not named insureds from exposure to vicarious liability for acts of the named insured").

Considering the nature of the business relationship between Smurfit-Stone and Terminal, the Court doubts whether the parties intended that Terminal would provide Smurfit-Stone with general, all-encompassing liability insurance. *See* Amend. Comp. ¶ 11 (stating that Terminal contracted "to provide motor carrier services" and "transportation of Smurfit-Stone's goods and products"). Instead, the plain language of the Additional Insureds endorsement is consistent with the purpose for which additional insured provisions are routinely obtained: to provide protection against vicarious liability.

Accordingly, the Court is compelled to enforce the plain language of the policy as it is written. *Hempen*, 687 S.W.2d 894. The Court therefore holds, as a matter of law, that the plain language of the Additional Insureds endorsement extends insurance coverage to Smurfit-Stone only to the extent that Smurfit-Stone is alleged to be vicariously liable for the actions of Terminal. The Court will now turn to Plaintiff Smurfit-Stone's Rule 12(c) Motion for Judgment on the Pleadings and Defendant National's Rule 56 Motion for Summary Judgment in light of this interpretation.

### B. Plaintiff's Rule 12(c) Motion for Partial Judgment on the Pleadings

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must apply the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the

non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can. . .be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D.Va. 2000); *see also A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 192 (4th Cir. 1964) (discussing whether "it was proper to enter judgment as a matter of law" under Rule 12(c)).

The immediate motions before the Court are purely questions of contract interpretation. No issues of fact appear to be in dispute. Both parties agree that the Policy is a valid and enforceable insurance contract. *Compare* Amend. Compl. ¶¶ 14-15 *with* Answer ¶¶ 14-15. Moreover, both Smurfit-Stone and National agree that the terms of the Additional Insured endorsement govern the extent of Smurfit-Stone's insurance coverage under the Policy.

Count II of the Amended Complaint alleges only that National was obligated to reimburse Smurfit-Stone for costs associated with defense of a claim stemming from Smurfit-Stone's own independent acts of negligence. As discussed previously, such a claim is beyond the scope of the narrow coverage provided by the endorsement. *See* Section II-A, *supra*. The Policy at issue extends insurance coverage to Smurfit-Stone only to the extent that Smurfit-Stone is alleged to be vicariously and/or derivatively liable for the actions of Terminal. Urquhart's suit, however, makes no such claim.[3] Accordingly, Plaintiff's Motion

---

[3] "Count 5" of the Urquhart complaint alleges that "the wrongdoing of each Defendant"–including both Terminal and Smurfit-Stone–"joined and concurred with the wrongdoing of one or more other Defendants" to cause Urquhart's injuries. Plaintiff contends that Count 5 could be construed as an allegation that Smurfit-Stone is vicariously liable for the actions of Terminal. The Court disagrees. Count 5 is more properly viewed as an

for Partial Judgment on the Pleadings is denied.

### C. Defendant National's Rule 56 Motion for Summary Judgment

Finally, Defendant National seeks summary judgment under Rule 56. Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts. . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

No genuine issue exists as to any material fact in the dispute between National and Smurfit-Stone—both parties appear to concede that their dispute turns on the terms of the Additional Insureds endorsement contained in the Policy issued by National to Terminal. *See* Section II-B, *supra*. Under this Court's construction of the Additional Insureds endorsement, National is only obligated to defend and to indemnify Smurfit-Stone against claims alleging that Smurfit-Stone is vicariously liable for the actions of Terminal. *See* Section II-A, *supra*. The Urquhart complaint—which forms the basis of the Plaintiff's claim—alleged only that Smurfit-Stone was liable to Urquhart for Smurfit-Stone's independent acts and omissions.

---

allegation that the separate negligent acts of the named defendants joined as concurrent (yet independent) causes of Urquhart's injuries. Accordingly, the Court concludes that Count 5, like Count 3, fails to invoke coverage under the Policy.

*See* Amend. Compl. Ex. E at 10-14. Accordingly, under the terms of the Policy and its Additional Insured endorsement, National is not obligated to reimburse Smurfit-Stone for costs incurred in defending against the Urquhart suit.

Because the Court concludes that Defendant National owed Plaintiff no legal obligation to reimburse Smurfit-Stone for the "costs of investigating, defending and settling the Urquhart claim," *id.*, the Court holds that Defendant National is entitled to judgment as a matter of law on Plaintiff's breach of contract claim.

### III. Conclusion

For the reasons detailed herein, Plaintiff Smurfit-Stone's Motion for Partial Judgment on the Pleadings under Rule 12(c) is hereby DENIED, and Defendant National's Rule 56 Motion for Summary Judgment is hereby GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 5th day of Sept. 2008.
Richmond, VA